*165 OPINION.
SteRNiiagen:
In the notice of deficiency, the Commissioner disallowed, in the computation of ordinary income, the “Losses on sales of securities to wife, $395,403.46”, and in the computation of capital net loss, the “Loss on sales of securities to wife, $59,950”, with the statement, “You are advised that losses claimed on sales of securities to your wife have been disallowed. It is held that the transfers of securities between you and your wife, due to which losses are claimed, do not represent transactions upon which losses may be recognized for income tax purposes”; and, further, as an “explanation”, said, “Losses on sales of securities to your wife have been disallowed since the transactions cannot be recognized for income tax purposes.’-’ The respondent’s answer generally denies the allegations of fact, and nothing more explicit appears in the Government counsel’s statement at the opening of trial, except to question the bona fides of the sales for the reason that “the funds wherewith these securities were acquired came from the petitioner.” In the respondent’s, brief, the additional ground for the denial is that in fact the petitioner made a gift to his wife not of the money but of the shares themselves, and therefore sustained no deductible loss.
Since the petitioner relies upon an alleged sale of securities to his wife, the evidence has been subjected to the most careful and exact scrutiny, as all such cases should be, John E. Zimmermann, 36 B. T. A. 279 (on review C. C. A., 3d Cir.). But no reason is discovered to doubt the bona fides of the transactions. The petitioner, pursuant to his earlier promise, gave his wife $350,000, free from any understanding or commitment on her part as to what she should do with it. It was not until after the gift was complete as to $300,000 and the wife was the unfettered owner of this fund that there was any thought on her part about acquiring the shares in question. When the petitioner first talked with her about buying shares from him, she had become possessed of means with which to make such a purchase and she was free to do so or not as she chose. As between them there was no suggestion cf a gift of securities and no suggestion that the gift of money or a bank account was an incident of a plan to *166 transfer shares in order to perfect a tax deduction. Cf. Percy C. Madeira, 36 B. T. A. 456 (on review C. C. A., 3d Cir.). In order to bold otherwise, it would be necessary to regard the testimony as unworthy of belief; which is the essence of the respondent’s position. There is, however, nothing to discredit the testimony of the petitioner, the broker, the bookkeeper, all called by the petitioner, and the petitioner’s wife, who was called by the respondent. From this evidence, it must be held that the petitioner made a gift to his wife and thereafter sold to her the securities listed in the findings, and sustained the losses claimed. Behan v. Commissioner, 90 Fed. (2d) 609; John E. Zimmermmin, supra. Afterwards the wife dealt with the securities entirely as her own and they were never again acquired or controlled by the petitioner. There is in this record, therefore, no reason for the disallowance of the deduction of the losses sustained, and the respondent’s determination is reversed.

J udgmenb will be entered under Rule 50.